UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TORIBIO JIMINEZ MARTINEZ, et al., )
)
v. ) NO. 3:09-730
) JUDGE CAMPBELL
)
)
CUMBERLAND ENVIRONMENTAL )
RESOURCES COMPANY, et al., )

MEMORANDUM

Pending before the Court is Defendant Virginia Pickering's Motion to Dismiss for Lack of *In Personam* Jurisdiction (Docket No. 46). For the reasons set forth herein, Defendant's Motion is DENIED.

FACTS

Plaintiffs have brought claims against Defendant Pickering alleging she engaged in an illegal scheme to procure a foreign workforce in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et. seq.* Additionally, Plaintiffs allege Defendant Pickering has violated the Tennessee Consumer Protection Act ("TCPA"), T.C.A. § 47-17-101 *et. seq.*, Tennessee Wage Laws, and committed common law fraud. (Docket No. 145). Plaintiffs allege the following jurisdictional facts.

Defendant Pickering is the sole owner, officer, and shareholder of Accent Personnel Services, a staffing company that helps United States clients obtain foreign labor through work visa programs. (Docket No. 145). Accent is a Louisiana corporation with its principal place of

1

business at 10988 N. Harrell's Ferry Road, Baton Rouge, Louisiana. *Id*. Ms. Pickering is a resident of Louisiana. *Id.* Ms. Pickering does not keep records of capital infusions, nor does she know the location of Accent's corporate records. *Id.* Her personal expenses, including her personal mortgage, insurance and meals, are paid out of Accent's business account. *Id.*

In late 2006 or early 2007, Ms. Pickering began discussions with Gary Lang, the owner of Cumberland Environmental Resources Company ("Cumberland"), a Tennessee corporation. During her discussions, Ms. Pickering communicated with various Cumberland employees via e-mail and phone. In November 2007, Ms. Pickering and Mr. Lang signed a contract for Cumberland to obtain H-2B Workers. *Id.* She communicated directly with the Tennessee Department of Labor, submitting forms to them seeking a total of 100 H-2B workers. Additionally, Ms. Pickering arranged for the *Tennessean* to run a job advertisement seeking construction workers to work for Cumberland. *Id.*

Ms. Pickering argues all of the contacts with Tennessee were made in her capacity as an officer of Accent, rather than in a personal capacity. (Docket No. 47, pg. 2).

ANALYSIS

On a motion to dismiss for lack of personal jurisdiction, plaintiff has the burden of setting forth specific facts in support of the Court's exercise of personal jurisdiction over the moving defendant. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Plaintiffs cannot rely solely on the allegations pleaded in their complaint. *Id*.

The Sixth Circuit has clearly defined the procedure and standards for determining personal jurisdiction. *See Dean v. Motel 6 Operating L.P.,* 134 F.3d 1269, 1271-1272 (6th Cir.

2

1998)(citing *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Absent an evidentiary hearing by the court, the plaintiff need only make a prima facie showing of jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996). In determining whether a prima facie showing is made, "all of the parties' allegations of jurisdictional facts are presumed true and all factual disputes are decided in Plaintiff's favor." *Energy Automation Systems, Inc. v. Saxton*, 618 F.Supp.2d 807, 811 (M.D.Tenn. 2009).

Tennessee's long-arm statute allows the exercise of jurisdiction "on any basis not inconsistent with the constitution of this state or of the United States." T.C.A § 20-2-214(a)(6). This subsection has been interpreted to extend to the limits of personal jurisdiction imposed by the Due Process Clause. *Payne v. Motorists Mutual Ins. Cos.*, 4 F.3d 452, 455 (6th Cir. 1993).

The Supreme Court has held that personal jurisdiction over a defendant comports with the Due Process Clause where that jurisdiction stems from "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Calder v. Jones*, 465 U.S. 783, 788, 104 S. Ct. 1482, 1486, 79 L.Ed. 2d 804 (1984)(quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945)).

Personal jurisdiction may be general or specific depending on the nature of contacts in a particular case. *Compuserve*, 89 F.3d at 1263. General jurisdiction exists "when a defendant has 'continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims.'" *Aristech Chemical Int'l Ltd. v. Acrylic Fabricators Ltd.,* 138 F.3d 624, 627 (6th Cir. 1998)(quoting *Kerry Steel v. Paragon Indus. Inc.,* 106 F.3d 147, 149 (6th Cir. 1997)). Specific jurisdiction, on the other hand, subjects the

3

defendant "to suit in this forum state only on the claims that 'arise out of or relate to' a defendant's contacts with the forum.'" *Id.*

The Sixth Circuit has established three criteria to be used to determining whether specific jurisdiction exists in a particular case

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Payne*, 4 F.3d at 455 (quoting *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)). The "purposeful availment" requirement is the "*sine qua non* of *in personam* jurisdiction." *Mohasco Indus.*, 401 F.2d at 381-82. It is satisfied "when the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a "substantial connection" with the forum State,' and when the defendant's conduct and connection with the forum are such that he 'should reasonably anticipate being haled into court there.'" *CompuServe, Inc.,* 89 F.3d at 1263 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-74, 105 S. Ct. 2174, 2183-84, 85 L. Ed. 2d 528 (1985)). A defendant should not be haled into a jurisdiction where his contacts are random, fortuitous, or attenuated. *Id*.

Ms. Pickering purposefully availed herself of the privilege of acting or causing a consequence in Tennessee. She entered into a contract with Cumberland, recruited and placed workers for employment in Tennessee, acted as an agent for Cumberland, collected money from Cumberland for her services, and communicated with numerous parties in Tennessee, including governmental and commercial entities. (Docket No. 145).

4

Ms. Pickering claims her contacts were made "in her capacity as an officer of Accent" and that she never had personal contacts with Tennessee. (Docket No. 47, p. 6). In *Balance Dynamics Corp. v. Schmitt Indus., Inc.,* 204 F.3d 683, 697-698 (6th Cir. 2000), the Sixth Circuit acknowledged that "where an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; i.e., whether [she] purposefully availed [herself] of the forum and the reasonably foreseeable consequences of that availment." *Id.*

> To hold an individual liable for the actions of a corporation, courts in Tennessee consider:
> (1) whether there was a failure to collect paid in capital; (2) whether the corporation was grossly undercapitalized; (3) the non-issuance of stock certificates; (4) the sole ownership of stock by one individual; (5) the use of the same office or business location; (6) the employment of the same employees or attorneys; (7) the use of the corporation as an instrumentality of business conduit for an individual or another corporation; (8) the diversion of the corporate assets by or to a stockholder or other entity to the detriment of the creditors, or the manipulation of assets and liabilities in another; (9) the use of the corporation as a subterfuge in illegal transactions; (10) the formation and use of the corporation to transfer to it the existing liability of another person or entity; and (11) the failure to maintain arms length relationships among related entities.

*Oceanics Schools, Inc. v. Barbour*, 112 S.W.3d 135, 140 (Tenn. Ct. App. 2003)(quoting *FDIC v. Allen*, 584 F. Supp. 386, 397 (E.D. Tenn. 1984). "It is not necessary that all of these factors weigh in a plaintiff's favor in order to justify the piercing of the corporate veil." *Id.* at 140-41.

Mr. Pickering, according to Plaintiffs, was the sole owner and stockholder of Accent and used Accent's business accounts to pay her own personal finances. (Docket

No. 145, p.2) She kept no records and does not recall making any further capital investments in the company after the first year. Id Under the Federal law governing the exercise of personal jurisdiction, if a corporation is the alter ego of an individual defendant, the court may pierce the corporate veil jurisdictionally and attribute contacts accordingly. *ADO Finance AG v. McDonnell Douglas Corp.*, 931 F. Supp. 711, 715 (C.D. Cal. 1996). The Court finds that Ms. Pickering has purposefully availed herself of the privilege of acting in Tennessee or of causing consequences in this state.

The Court must determine next whether the causes of action arise from defendant's contacts with the forum state, and whether the acts of the defendant have a substantial enough connection with the forum to make the exercise of jurisdiction over her reasonable. *Payne*, 4 F.3d. at 455. Plaintiffs' causes of action against Ms. Pickering for violations of RICO, TCPA, Tennessee Employment Agency Act ("TEAA"), Fraud in the Inducement and T.C.A. § 50-1-102 concern the services provided and the alleged misrepresentations made by Ms. Pickering. Plaintiffs have alleged Ms. Pickering entered into contracts, communicated with other Defendants and conducted business with other entities and agencies in Tennessee, imported workers into the State, placed advertisements for workers in the local paper, as well as made numerous misrepresentations in furtherance of a fraudulent scheme to recruit foreign labor in Tennessee. (Docket No. 145). Plaintiffs have therefore established that their causes of action arise from Defendant's contacts with the forum state. *See Tobin*, 993 F.2d at 544.

Once the first two elements of the Due Process test are established, an inference arises in this Circuit that the third element - that exercising personal jurisdiction over

6

Case 3:09-cv-00730  Document 148  Filed 06/09/10  Page 6 of 7 PageID #: 1958

defendant would be reasonable - is also met. *CompuServe*, 89 F.3d at 1267-1268. Reasonableness should be viewed in light of several factors, including "the burden of the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id*. at 1268 (quoting *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169-1170 (6th Cir. 1988)). The record does not reflect any factors which are enough to overcome the inference of reasonableness arising from the Court's conclusion that Defendant Pickering has purposefully availed herself of this forum.

## CONCLUSION

For the foregoing reasons, Defendant Pickering's Motion to Dismiss for Lack of *In Personam* Jurisdiction is DENIED.

IT IS SO ORDERED.

*[signature: Todd Campbell]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7